Norman T. **WHITAKER**, Plaintiff,

v.

**Frank R. GRAVES**, United States Chess Federation, et al., Defendants.

United States District Court
S. D. New York.
June 23, 1955.

See also 18 F.R.D. 246.

B. Negron, New York City, for plaintiff.

Saul Rubins, New York City, for defendants.

DIMOCK, District Judge.

Plaintiff moves, pursuant to rule 34, F.R.C.P., for production of documents. The motion is resisted upon the grounds that the documents demanded contain confidential information and that the information which is sought can be gotten through other means.

The action is based upon plaintiff's expulsion from the United States Chess Federation. He alleges that he was illegally expelled from the Federation and seeks, inter alia, damages and reinstatement.

The complaint alleges that plaintiff's expulsion was effected by by a "farcical" procedure. It appears from the affidavits submitted on this motion that plaintiff was expelled as a result of an alleged majority vote of the members of the Executive Committee of the Federation. The documents demanded by plaintiff are the ballots that were cast.

It is clear that the ballots are in the possession of defendants and, considering the theory of plaintiff's claim, it appears that there is good cause for their production.

Defendants argue that the ballots are privileged because "[t]he deliberations of boards or committees of corporations, whether stock or membership, are privileged and closed, and should not be made the subject of a discovery or inspection." Defendants cite no authority in support of this and I do not believe it is sound.

Defendants fail to make any valid showing that plaintiff can get the information which on the face of things he certainly appears to be entitled to. Defendants say, however, that the ballots contain the signatures of the voters, that some of them are accompanied by remarks and that certainly plaintiff does not need to know the identity of the person who cast each vote and that person's personal opinions of him, if any. The identity of the voters may furnish the plaintiff with leads as to whether the counting was properly done so that plaintiff is entitled to see the signatures of the voters and comments made by them may furnish leads on the same subject.

The motion is granted.